Raymond Nardo, Esq.
129 Third Street
Mineola, New York 11501
raymondnardo@gmail.com
(516) 248-2121
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

STEVEN AHN                                          :
                                                    :
                           Plaintiff,               :         **COMPLAINT**
                                                    :
        -against-                                   :
                                                    :
GOLDEN SPRING (NEW YORK) LTD., MILES                :
KWOK, as an individual, MILESON KWOK,               :
as an individual                                    :
                                                    :
                           Defendants.              :
------------------------------------------------------------------X

     Plaintiff STEVEN AHN , by his attorney, Raymond Nardo, Esq. complaining

of defendants GOLDEN SPRING (NEW YORK) LTD., MILES KWOK, as an individual,

MILESON KWOK  (collectively referred to herein as "defendants"), alleges:

### NATURE OF THE ACTION

    1.    This action arises out of defendants' failure to pay overtime pay and other

monies as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"),

and the New York Labor Law § 190 *et seq.* ("NYLL").

    2.    Defendants have systematically ignored the requirements of the FLSA and

NYLL.  Plaintiff seeks injunctive and declaratory relief against defendants' unlawful

actions, compensation for unpaid overtime, liquidated damages, violations of the Wage

Theft Prevention Act, pre-judgment and post-judgment interest, counsel fees, and costs pursuant to the FLSA and the NYLL.

## JURISDICTION

3.      This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4.      Venue is proper in the Southern District of New York under 28 U.S.C. § 1391 as defendant  GOLDEN SPRING (NEW YORK) LTD., is located at 767 Fifth Avenue, New York, NY 10153, in the Southern District of New York and the individual defendants reside at 781 Fifth Avenue, New York, NY.

## THE PARTIES

**Plaintiff**

5.      Plaintiff STEVEN AHN  resides in Wayne, NJ, which is located in the Southern District of New York.  Plaintiff worked for defendants from March 9, 2015 through October 6, 2015 as a loader and driver.

6.      In his capacity as a loader and driver, plaintiff loaded cases of wine, luggage, groceries, packages, furniture, and personal items into company vehicles, which weighed less than 10,000 pounds, and he also transported people to various locations.

7.      At all times, the vehicles driven by plaintiff were capable of transporting, and transported, fewer than 9 passengers.

**Defendants**

8.    Defendant  GOLDEN SPRING (NEW YORK) LTD.  is a Delaware corporation located in the Southern District of New York.

9.    Defendant GOLDEN SPRING (NEW YORK) LTD.  is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.  Defendant GOLDEN SPRING (NEW YORK) LTD.. has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, such as automobile parts, and (2) an annual gross volume of sales in excess of $500,000.00.

10.    The business activities of  Defendants are related and performed through unified operation or common control for a common business purpose and thereby constitute an enterprise within the meaning of the FLSA, thus rendering the defendants as a unified "enterprise" "under the FLSA.

11.    In addition, the business activities of defendants were performed through unified operation or common control for a common business purpose and thereby constitute an enterprise within the meaning of the FLSA.

12.    Plaintiff was individually involved in the production of goods for commerce because he delivered products and inventory, such as wine and packages,

3

which were shipped from other States, to places where these products were ultimately delivered.

13.     Defendant MILES KWOK is sued individually in his capacity as an owner, officer and/or agent of GOLDEN SPRING (NEW YORK) LTD. because he has authority to exercise sufficient control over GOLDEN SPRING (NEW YORK) LTD's operations to be considered plaintiff's employer under the FLSA and NYLL, and at all times material herein had the authority to hire and fire employees, set wages, and establish and exercise authority regarding the pay practices at GOLDEN SPRING (NEW YORK) LTD. and he maintained payroll records.

14.     Defendant MILESON KWOK is sued individually in his capacity as an owner, officer and/or agent of GOLDEN SPRING (NEW YORK) LTD. because he has authority to exercise sufficient control over GOLDEN SPRING (NEW YORK) LTD's operations to be considered plaintiff's employer under the FLSA and NYLL, and at all times material herein had the authority to hire and fire employees, set wages, and establish and exercise authority regarding the pay practices at GOLDEN SPRING (NEW YORK) LTD. and he maintained payroll records.

## DEFENDANTS' FAILURE TO PAY OVERTIME FOR ALL WEEKLY HOURS WORKED OVER FORTY

15.     The FLSA and NYLL require that employers pay employees one and one half (1½) times their regular rate of pay ("overtime pay") for all hours worked in excess of forty during any workweek, unless they are exempt from coverage.

16.     Plaintiff is a non-exempt employee under the FLSA and NYLL.

4

17.     Plaintiff regularly worked over forty hours per week, sometimes up to 112 hours per week, or more, but did not receive overtime pay.

18.     For the period of time that plaintiff, STEVEN AHN, worked for defendants, he usually worked seven days per week, from 7:00am to 11:00pm.

19.     During the time he worked for defendants, plaintiff STEVEN AHN  was paid straight time for all hours worked each week.

## DEFENDANTS' VIOLATIONS OF THE
## WAGE THEFT PREVENTION ACT

20.     The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates at the time of hire.

21.     Plaintiff was never given a notice, either at the time of hire or thereafter, as required by § 195 of the New York Labor Law, containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

## FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

22.     Plaintiff repeats and realleges each paragraph above, as though fully set forth herein.

23.     Defendants are "employers" within the meaning of 29 U.S.C. §§ 203(e) and 206(a), and employed plaintiff.

24.     Defendants were required to pay plaintiff no less than one and one-half (1½) times the regular rate of pay for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq.*

25.     Defendants failed to pay plaintiff the overtime wages to which he was entitled under the FLSA.

26.     Defendants wilfully violated the FLSA by knowingly and intentionally failing to pay plaintiff overtime wages in accord with a policy, custom, and/or practice of Defendants.

27.     Due to defendants' violations of the FLSA, plaintiff is entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## SECOND CLAIM
### (New York Labor Law – Unpaid Overtime)

28.     Plaintiff repeats and realleges each paragraph above as though fully set forth herein.

29.     Defendants are employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations, and defendants employed plaintiff.

30.     Under the NYLL and supporting New York State Department of Labor Regulations, defendants were required to pay plaintiff one and one-half (1 ½) the regular rate of pay for all hours she worked in excess of forty.

31.     Defendants failed to pay plaintiff the overtime wages to which they were entitled under the NYLL.

32.     Defendants willfully violated the NYLL by knowingly and intentionally failing to pay plaintiff's overtime wages.

33.     Due to defendants' wilful violations of the NYLL, Plaintiff is entitled to recover unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

**THIRD CLAIM**
**(New York Labor Law – Wage Theft Prevention Act)**

34.     Plaintiff repeats and realleges each of the above paragraphs as if fully set forth herein.

35.     Defendants violated NYLL § 195(1) by failing to furnish plaintiff, at the time of hiring and before February 1st of each subsequent year, with a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum

wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

36.     Due to defendants' violation of NYLL § 195(1), plaintiff is entitled to recover from defendants liquidated damages of $50.00 per workweek that the violation occurred, up to a maximum of $2,500, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

37.     Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully request that this Court enter a judgment:

a.      declaring that defendants have violated the overtime provisions of the FLSA and the NYLL;

b.      declaring that defendants' violations of the FLSA and the NYLL were wilful;

c.      enjoining future violations of the FLSA and the NYLL;

d.      awarding plaintiff damages for unpaid overtime wages;

e.      awarding plaintiff liquidated damages as a result of defendants' failure to furnish wage statements and annual notices pursuant to the NYLL;

       f.     awarding plaintiff liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA and the NYLL;

       g.     awarding plaintiff pre-judgment interest and post-judgment under the FLSA and the NYLL;

       h.     awarding plaintiff reasonable attorneys fees' and costs and disbursements, pursuant the FLSA and the NYLL; and

       i.     awarding such other and further relief as the Court deems just and proper.

Dated:  Mineola, NY
        November 18, 2015

Raymond Nardo, Esq.
Raymond Nardo, P.C.
129 Third Street
Mineola, NY 11501
raymondnardo@gmail.com
(516) 248-2121
*Attorney for Plaintiff*